| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Les Zieve<br>Law Offices Of Les Zieve<br>18377 Beach Blvd., Suite 210<br>Huntington Beach, CA 92648<br>(661) 588-9220    Fax(661) 588-9221<br>#123319<br>[ ] Individual appearing without counsel<br>[x] Attorney for: Movant | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| In re: Michael Letourneau | CHAPTER: 7<br>CASE NO.: 2:09-bk-16053-ER |
|---|---|
| Debtor(s). | DATE: May 4, 2009<br>TIME: 10:00 a.m.<br>CTRM: 1568<br>FLOOR: 15th |

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations)**
(MOVANT: American Chartered Bank )
**(Unlawful Detainer)**

1. NOTICE IS HEREBY GIVEN to the Debtor(s), Debtor's(s') attorney, and other interested parties ("Responding Party") that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay or for an order confirming that the automatic stay does not apply as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

   [ ] NOTICE IS ALSO GIVEN to the Trustee as an additional Responding Party, because the Motion relates to a nonresidential property.

2. **Hearing Location:**    [x] 255 East Temple Street, Los Angeles    [ ] 411 West Fourth Street, Santa Ana
   [ ] 21041 Burbank Boulevard, Woodland Hills    [ ] 1415 State Street, Santa Barbara
   [ ] 3420 Twelfth Street, Riverside

3. a. [ ] This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of the Motion.

   b. [x] This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

   [x] at the hearing    [ ] at least ____ court days before the hearing.

   (1) [x] A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) [ ] A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) [ ] A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 4/17/09

Law Offices Of Les Zieve
*Print Law Firm Name (if applicable)*

Les Zieve
*Print Name of Individual Movant or Attorney for Movant*

/s/ Les Zieve
*Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005

F 4001-1M.UD
BK350UD

Motion for Relief from Stay (Unlawful Detainer) - *Page 2 of* ____    F 4001-1M.UD

| In re<br>Michael Letourneau | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-16053-ER |
|---|---|---|

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
## (Unlawful Detainer)
### (MOVANT: American Chartered Bank )

1. **The Property at Issue:** Movant moves for relief from the automatic stay to obtain possession of the residential or nonresidential premises at the following address (the "Property"):
   Street Address: 1900 Telegraph Road
   Apartment/Suite No.:
   City, State, Zip Code: Bannockburn, Illinois
   The Property is:  [x] Residential     [ ] Nonresidential

2. **Case History:**
   a. [ ] A voluntary  [x] An involuntary  petition under Chapter  [x] 7  [ ] 11  [ ] 12  [ ] 13
      was filed on *(specify date):* 3/17/09
   b. [ ] An Order of Conversion to Chapter  [ ] 7  [ ] 11  [ ] 12  [ ] 13
      was entered on *(specify date):*
   c. [ ] Plan was confirmed on *(specify date):*
   d. [ ] Other bankruptcy cases of the Debtor were pending within the year ending on the petition date. See attached Declaration.
   e. [ ] Other bankruptcy cases affecting this Property have been pending within the two years ending on the petition date. See attached Declaration.

3. **Grounds for Relief from Stay:** *(Check all that apply)*
   a. [x] Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of petition date, Debtor(s) had no right to continued occupancy of the premises, as follows:
      (1) [x] An unlawful detainer judgment in favor of Movant was entered prepetition.
         A. [ ] The debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).
         B. [ ] The debtor or adult dependent of debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.
         C. [ ] The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.
         D. [ ] The Movant has filed and served an objection to the certification referenced in (a)(1)(A) and/or (a)(1)(C) above. A copy of the objection is attached hereto as Exhibit ____ . A hearing on this objection is set for: _____ .
      (2) [ ] An unlawful detainer proceeding was commenced prepetition.
      (3) [x] Movant acquired title to the premises by foreclosure sale prepetition and recorded the deed within the period provided by state law for perfection.
      (4) [ ] Movant acquired title to the premises by foreclosure sale postpetition and recorded the deed within the period provided by state law for perfection.
      (5) [ ] The lease or other right of occupancy expired by its terms prepetition.
      (6) [ ] The lease has been rejected or deemed rejected by operation of law.
      (7) [ ] Lease payments have not been made since the filing of the petition.
      (8) [ ] An eviction action has been filed to obtain possession of the subject residential property on grounds of endangerment of the property **or** because of illegal use of controlled substances on the property and Movant has filed and served upon Debtor a certification that [ ] such an action was filed or [ ] that within the 30 days preceding the certification Debtor has endangered the subject property or illegally allowed the use of controlled substances on the property. A copy of Movant's certification is attached as Exhibit _____ . Debtor [ ] has [ ] has not filed an objection to Movant's certification. A copy of Debtor's objection, if any, is attached as Exhibit _____ . A hearing on this objection is set for: _____ .

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005                    F 4001-1M.UD

Motion for Relief from Stay (Unlawful Detainer) - Page 3 of ____    F 4001-1M.UD

| In re<br>Michael Letourneau | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-16053-ER |
|---|---|---|

   b. [x] Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

   c. [x] The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
      (1) [x] Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
      (2) [ ] Other bankruptcy cases have been filed asserting an interest in the same property.
      (3) [x] The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

4. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*
   [x] Movant submits the attached Unlawful Detainer Declaration to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.
   [ ] Other Declaration(s) are also attached in support of this Motion.

**WHEREFORE, Movant prays that this Court issue an Order granting the following** *(specify forms of relief requested)*:

1. [x] Termination of the stay to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to obtain possession of the Property.

2. [ ] Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as set forth in the attached Declaration(s).

3. [ ] An order confirming that the automatic stay does not apply.

4. [ ] Alternatively, if immediate relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable:
     a. Establishment of a deadline for assumption or rejection of the lease.
     b. Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

5. Additional provisions requested:
   a. [x] That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. [ ] Termination or modification of the Co-debtor Stay of 11 U.S.C. § 1201 or § 1301 as to the above-named co-debtor, on the same terms and conditions.
   c. [x] That the 10-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.
   d. [x] That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.
   e. [ ] For other relief requested, see attached continuation page.

Dated: 4/17/09

Respectfully submitted,

American Chartered Bank
*Movant Name*
Law Offices Of Les Zieve
*Firm Name of Attorney for Movant (if applicable)*

By: /s/ Les Zieve
     *Signature*

Name: Les Zieve
*Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005    F 4001-1M.UD

Motion for Relief from Stay - Page ____ a of _____    F 4001-1M.ER

| In re<br>Michael Letourneau | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| | | Debtor(s). | CASE NO.: 2:09-bk-16053-ER |

## (OPTIONAL)
## EXTRAORDINARY RELIEF ATTACHMENT
**(MOVANT:** American Chartered Bank                               **)**

(This Attachment is the continuation page for Paragraph  5d   of the Relief From Stay Motion)

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☐ That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Motion
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☐ That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor(s) may be
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☐ That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. [x] That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
   [x] without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☐ Other (specify):

---

Revised May 2004    F 4001-1M.ER
This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case has been assigned allows such extraordinary relief to be requested by motion. Many judges require the filing of an adversary proceeding to obtain some or all of these forms of relief.
BK350ER

Motion for Relief from Stay (Unlawful Detainer) - *Page 4 of* ____  F 4001-1M.UD

| In re<br>Michael Letourneau | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-16053-ER |
|---|---|---|

## UNLAWFUL DETAINER DECLARATION
**(MOVANT:** American Chartered Bank **)**

I, Robert P. Noel, Jr._____, declare as follows:
   *(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the residential or nonresidential real property that is the subject of this Motion ("Property") because:

   ☐ I am the Movant and owner of the Property.
   ☐ I manage the Property as the authorized agent for the Movant.
   ☐ I am employed by Movant as *(state title and capacity)*:
   ☒ Other *(specify)*: Senior Vice President for American Chartered Bank.

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. The address of the Property that is the subject of this Motion is:
   *Street Address*:   1900 Telegraph Road
   *Apartment/Suite No.*:
   *City, State, Zip Code*:   Bannockburn, Illinois

4. Movant is the legal owner of the Property, or the owner's legally authorized agent. A true and correct copy of the Trustee's Deed upon Sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit 1____. A true and correct copy of any applicable document establishing Movant's authority as agent for the owner is attached as Exhibit ____.

5. The Property is:  ☒ residential property   ☐ nonresidential property

   a. Debtor(s) occupies the Property
      ☐ on a month-to-month tenancy              ☐ pursuant to a lease that is in default
      ☒ after a foreclosure sale on: 1/12/09     ☐ other *(specify)*:

   b. ☐ Debtor(s) has/have failed to pay the monthly rent of $ 0.00_____ since the following date *(specify date)*:

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005                                                                    F 4001-1M.UD

Motion for Relief from Stay (Unlawful Detainer) - Page 5 of ____       F 4001-1M.UD

| In re<br>Michael Letourneau | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-16053-ER |
|---|---|---|

    c. ☐ In addition, Debtor(s) has/have failed to pay other obligations under the lease, including the following *(See attached continuation page for itemization)*:

       (1) ☐ Common area maintenance charges

       (2) ☐ Property taxes

       (3) ☐ For additional obligations, see attached continuation page.

6. Debtor's(s') bankruptcy petition in this case was filed on *(specify date)*: 3/17/09

7. Procedural status *(indicate all that apply, and provide dates for completed steps)*:

    a. ☐ Movant caused a Notice to Quit to be served upon the Debtor(s) on *(specify date)*:
       A true and correct copy of which is attached hereto as Exhibit _____

    b. ☐ Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the following:

       (1) ☐ Movant filed a Complaint for Unlawful Detainer against the Debtor(s) on *(specify date)*: _____
a true and correct copy of which is attached as Exhibit _____ .

       (2) ☐ Trial was held on *(specify date)*:

       (3) ☒ An Unlawful Detainer Judgment against the Debtor(s) was entered on the Complaint for Unlawful Detainer on *(specify date)*: 1/21/09 , a true and correct copy of which is attached as Exhibit 2 .

       (4) ☐ A Writ of Possession for the Property was issued by the state court on *(specify date)*: _____ ,
a true and correct copy of which is attached as Exhibit _____ .

       (5) ☐ The Debtor has not filed with the petition and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

       (6) ☐ The Debtor or adult dependent of Debtor has not deposited with the Clerk any rent that would become due during the 30-day period after the filing of the petition.

       (7) ☐ The debtor or adult dependent of debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

       (8) ☐ Movant has filed and served an objection to Debtor's certification referenced in paragraph (5) and/or (7) above, a copy of which is attached hereto as Exhibit _____ . A hearing on this objection is set for: _____ .

       (9) ☐ An eviction action has been filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that Debtor has endangered the subject property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit ____ . Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of Debtor's objection, if filed, is attached hereto as Exhibit _____ . A hearing on this objection is set for: _____ .

    c. ☐ The lease was rejected on _____ *(date)*:

       (1) ☐ by operation of law.

       (2) ☐ by Order of the Court.

    d. ☐ The regular lease payments have not been made since the filing of the petition.

8. ☒ Debtor(s) has/have no equity in the Property because Debtor(s) does/do not have a lease interest that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because *(specify)*:

    a. ☒ The Property is residential and is not producing income for the Debtor(s).

    b. ☐ The Property is commercial, but no reorganization is reasonably in prospect.

    c. ☒ Other *(specify)*: The property is not property of the Bankruptcy Estate.

(Continued on next page)

| Motion for Relief from Stay (Unlawful Detainer) - *Page 6 of* ____ | F 4001-1M.UD |
|---|---|
| In re<br>Michael Letourneau          (SHORT TITLE)<br>Debtor(s). | CHAPTER: 7<br>CASE NO.: 2:09-bk-16053-ER |

10. [x] The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.
    a. [x] Movant is the only creditor or one of very few creditors listed on the master mailing matrix.
    b. [ ] Other bankruptcy cases have been filed asserting an interest in the same property.
    c. [ ] The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.
    d. [ ] Other *(specify)*:

11. [ ] Other bankruptcy cases that have prevented Movant from recovering possession of this Property include the following:
    a. Case Name:
       Case Number:                              Chapter:
       Date Filed:                               Date Dismissed:
       Relief from stay re this Property  [ ] was     [ ] was not  granted.
    b. Case Name:
       Case Number:                              Chapter:
       Date Filed:                               Date Dismissed:
       Relief from stay re this Property  [ ] was     [ ] was not  granted.
    c. [ ] See attached continuation page for more information about other cases.

12. [ ] Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the actions set forth in paragraph 7 that were taken after the filing of the bankruptcy petition in this case.
    a. [ ] These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.
    b. [ ] Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 11 above.
    c. [ ] For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on April 14, 2009, at Schaumburg, Illinois *(city, state)*.

Robert P. Noel, Jr.                                    /s/ Robert P. Noel, Jr.
*Print Declarant's Name*                               *Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005                                                                    F 4001-1M.UD

Motion for Relief from Stay (Unlawful Detainer) - *Page 7 of* ___    F 4001-1M.UD

| In re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Michael Letourneau | | CASE NO.: 2:09-bk-16053-ER |
| | Debtor(s). | |

## PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF Orange

1. I am over the age of 18 and not a party to the within action. My business address is as follows:
   18377 Beach Blvd., Suite 210
   Huntington Beach, CA 92648

2. **Regular Mail Service:** On  4/27/09  , pursuant to Local Bankruptcy Rule 9013-1, I served the documents described as: NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 with supporting declarations) on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at  Huntington Beach  , California, addressed as set forth on the attached list.
   **Also served by Federal Express

   **NOTE:** If the Notice and Motion have been served pursuant to an Order Shortening Time ("Order"), you must file a Proof of Service that indicates that the notice and service requirements contained in the Order have been met.

3. **See attached list for names and addresses of all parties and counsel that have been served.** *(In the manner set forth in Local Bankruptcy Rule 7004-1(b), specify capacity in which service is made; e.g., Debtors, Debtor's(s') Attorney, Trustee, Trustee's Attorney, Creditors Committee, or 20 largest unsecured creditors, etc.)*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 4/27/09

Julie Simpkins                                              */s/ Julie Simpkins*
Typed Name                                                  Signature

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised October 2005                                        F 4001-1M.UD

## SERVICE LIST

**Michael Letourneau**
800 W 1st St #450
Los Angeles, CA 90012

**Frank A Maza**
19301 Saticoy St #D
Reseda, CA 91335

**Zak L Hussar**
110 E 9th St #A900
Los Angeles, CA 90078

**Rana P Meer**
7400 Calvin Ave
Reseda, CA 91335

**US Bankruptcy Court**
Chambers of Judge Robles
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

19-457.POS/am

## JUDICIAL SALE DEED

THE GRANTOR, The Judicial Sales Corporation, an Illinois Corporation, pursuant to and under the authority conferred by the provisions of an Order Appointing Selling Officer and a Judgment entered by the Circuit Court of Lake County, Illinois, on September 10, 2008, in Case No. 08 CH 955, entitled WASHINGTON MUTUAL BANK FKA WASHINGTON MUTUAL BANK, FA vs. MICHAEL LETOURNEAU, et al, and pursuant to which the premises hereinafter described were sold at public sale pursuant to notice given in compliance with 735 ILCS 5/15-1507(c) by said grantor on January 12, 2009, does hereby grant, transfer, and convey to AMERICAN CHARTERED BANK the following described real estate situated in the County of Lake, in the State of Illinois, to have and to hold forever:



Image# 044256990002 Type: DEJ
Recorded: 01/29/2009 at 08:08:29 AM
Receipt#: 2009-00004403
Total Amt: $39.00 Page 1 of 2
IL Rental Housing Fund: $10.00
Lake County IL Recorder
Mary Ellen Vanderventer Recorder
File 6430433

That part of the North East Quarter of the South West Quarter of Section 20, Township 43 North, Range 12, East of the Third Principal Meridian, described as follows: Commencing at the intersection of the center line of Telegraph Road and the West Line of the North East Quarter of the South West Quarter of said Section 20; thence South along the West Line of the North East Quarter of the South West Quarter of Section 20, Township 43 North, Range 12, East of the Third Principal Meridian, 751.12 feet; thence East at right angles to said last mentioned line, 26.98 feet; thence North Easterly 432.68 feet to a point in the center line of Telegraph Road, said point being 587.38 feet South Easterly of the Place of Beginning; thence North Westerly along the Center Line of Telegraph Road, 587.38 feet to the place of beginning, in Lake County, Illinois.

Commonly known as 1900 TELEGRAPH RD., Bannockburn, IL

Property Index No. 16-20-300-002

Grantor has caused its name to be signed to those present by its President on this 22nd day of January, 2009.

The Judicial Sales Corporation

By: _____
Nancy R. Vallone
Chief Executive Officer

State of IL, County of COOK ss, I, Kristin M. Smith, a Notary Public, in and for the County and State aforesaid, do hereby certify that August R. Butera, personally known to me to be the President of The Judicial Sales Corporation, appeared before me this day in person and acknowledged that as such President he/she signed and delivered the said Deed pursuant to authority given by the Board of Directors of said corporation, as his/her free and voluntary act, and as the free and voluntary act and Deed of said corporation, for the uses and purposes therein set forth.

Given under my hand and seal on this
22nd day of January, 2009

_____
Notary Public



OFFICIAL SEAL
KRISTIN M SMITH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/08/12

EXHIBIT 1

Judicial Sale Deed

This Deed was prepared by August R. Butera, The Judicial Sales Corporation, One South Wacker Drive, 24th Floor, Chicago, IL 60606-4650.

Exempt under provision of Paragraph ___L___ Section 31-45 of the Real Estate Transfer Tax Law (35 ILCS 200/31-45).

1/26/09
Date                    Buyer, Seller or Representative

Grantor's Name and Address:
**THE JUDICIAL SALES CORPORATION**
One South Wacker Drive, 24th Floor
Chicago, Illinois 60606-4650
(312)236-SALE

Grantee's Name and Address and mail tax bills to:
AMERICAN CHARTERED BANK
c/o HAUSLEMAN, RAPPIN & OLSWANG 39 S. LASALLE ST, STE. 1105
Chicago, IL, 60603

Mail To:
HEAVNER, SCOTT, BEYERS & MIHLAR, LLC
111 East Main Street, Suite 200
DECATUR, IL, 62523
(217) 422-1719
Att. No. 40387
File No. S800-79

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
WAUKEGAN, LAKE COUNTY, ILLINOIS

WASHINGTON MUTUAL BANK, fka WASHINGTON )
MUTUAL BANK, FA, )
              Plaintiff, )
vs. ) No. 08 CH 1955
) 
MICHAEL LETOURNEAU, AMY B. LETOURNEAU, FIRST )
MIDWEST BANK, and AMERICAN CHARTERED BANK, ) JAN 2 1 2009
              Defendants )

### ORDER CONFIRMING SALE

CIRCUIT CLERK

    This cause coming on to be heard on this 21st day of January, 2009, upon the Report of Sale filed by Nancy M. Vallone, Chief Executive Officer of The Judicial Sales Corporation, and coming on further to be heard upon the Motion for Confirmation of Sale of Plaintiff's attorney, the Court finds as follows:

    1. That Nancy M. Vallone, Chief Executive Officer of The Judicial Sales Corporation has carried out her duties herein, has made sale as ordered in said Judgment and has duly filed a report of her proceedings herein.

    2. That said Nancy M. Vallone, Chief Executive Officer has issued her Certificate of Sale.

    3. That Nancy M. Vallone, Chief Executive Officer has in every respect proceeded in due form of law and in accordance with the terms of said Judgment, and that the said sale was fair and reasonable, and that justice was done by said sale.

    4. All redemption and reinstatement periods have expired without redemption or reinstatement having been made.

    IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

    1. That the Report of Sale is approved and the sale of the premises is confirmed.

    2. The Nancy M. Vallone will execute a deed to the holder of the Certificate of Sale at this time sufficient to convey title to the premises.

    3. On or after February 20, 2009, the Sheriff of Lake County, Illinois, is authorized and directed to obtain possession of the premises legally described as:

EXHIBIT 2

-2-

That part of the North East Quarter of the South West Quarter of Section 20, Township 43 North, Range 12, East of the Third Principal Meridian, described as follows: Commencing at the intersection of the center line of Telegraph Road and the West Line of the North East Quarter of the South West Quarter of said Section 20; thence South along the West Line of the North East Quarter of the South West Quarter of Section 20, Township 43 North, Range 12, East of the Third Principal Meridian, 751.12 feet; thence East at right angles to said last mentioned line, 26.98 feet; thence North Easterly 432.68 feet to a point in the center line of Telegraph Road, said point being 587.38 feet South Easterly of the Place of Beginning; thence North Westerly along the Center Line of Telegraph Road, 587.38 feet to the place of beginning, in Lake County, Illinois.

Permanent Index Number: 16-20-300-002

Commonly known as: 1900 Telegraph Rd., Bannockburn, Illinois

from the Defendants, Michael Letourneau and Amy B. Letourneau; and turn over possession of the premises to, American Chartered Bank c/o Hauselman, Rappin & Olswang, or to any designee of the Plaintiff.

4. There is no reason to delay enforcement of or appeal from this final appealable Order.

ENTERED this _____ day of _____, 2009.

*Mitchell L. Hoffman*

_____
JUDGE